In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Braddock Avenue (Rocky Hill Road), from Hillside Avenue to Jamaica Avenue (Jericho Turnpike), Including the Flares Included within the Street Area at the Intersection with 221st Street (Manhattan Avenue), 221st Place (Lewellen Avenue), 222nd Street (Madison Avenue), 91st Road (Hickory Street), 92nd (Cedar) Avenue and Gettysburg Street (Hamilton Avenue); Davenport Avenue (Maple Street), from Gettysburg Street (Hamilton Avenue) to Braddock Avenue (Rocky Hill Road), and 93rd Avenue (Poplar Street), from 243rd (Raynor) Street to Braddock Avenue (Rocky Hill Road), in the Borough of Queens, City of New York. THE CITY OF NEW YORK, Appellant; MOTT HOMES, INC.,

J. Frederick Brommer, Home Surplus Corporation, Masholie and Salvator Co., Inc., Sol Feller, Belle-Creed Realty Corporation, Hugh Murphy, Ludwig A. Boehmer and Magda F. Boehmer, His Wife, Patrick J. Malloy, William Schneider and John J. Schaub, Executors of Wilhemina Wuensch; Owner of Damage Parcel No. 70 B (Unknown) and Rose E. Schroeder, Respondents.— Upon appeal by the city of New York from the final decree in a street opening condemnation proceeding, the decree is modified by striking out the awards for damage parcels numbered 67, 67D, 67E, 67F, 67G, 67H, 67I, 67J, 67L, and 67M, and by awarding nominal damages of one dollar for the taking of each of such parcels. As so modified, the decree, in so far as an appeal is taken therefrom, is unanimously affirmed, with costs to appellant, payable by the respondents filing a brief in this court. In our opinion the facts and circumstances surrounding the various conveyances made by Mott Homes, Inc., to the several grantees established the intention of the parties to create private easements upon Braddock avenue as that avenue is shown on the topographical map of the city of New York. The facts in this case are quite unlike those in *Matter of City of N. Y.* (*Northern Blvd.*) (258 N. Y. 136), which case is readily distinguishable. There, sales were made with reference to a private property map prepared by the seller and indicated definitely the width of the old street as well as of the new street as widened; the parcels sold were identified by lot numbers and the space between the old and new lines of the boulevard had none of the physical aspects of a street and was covered with trees and boulders. Here, sales were with reference to a map prepared by public authorities, and while the dotted lines within the solid lines of the new street seemingly indicated the old lines of Braddock avenue, the distances and dimensions are not shown; sales were made by metes and bounds with reference to the new northerly line of Braddock avenue, including the right, title and interest of the grantor in the street, and the space between the old and new street lines had practically all the physical aspects of a street and the abutting property was improved with stores and dwellings built with reference to and in recognition of the new northerly line of Braddock avenue. Present — Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ.